**Shukri Warsame ABDULE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 01–70646.

INS No. A75–641–828.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2002.

Decided Sept. 19, 2002.

Before FERGUSON, REINHARDT and GRABER, Circuit Judges.

## MEMORANDUM *

Petitioner Shukri Warsame Abdule ("Abdule"), a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture. Abdule argues that the IJ violated her due process rights by admitting certain evidence proffered by the Immigration and Naturalization Service ("INS"), by denying her motion for continuance, and by depriving her of the opportunity to cross-examine the preparer of the INS' evidence. We do not address these questions because we reverse on the grounds that the BIA's failure to consider the merits of Abdule's claims deprived her of a full and fair hearing.

## I.

### A. Factual Background

Abdule is a member of the Marehan subclan of the Darood clan, whose members have suffered violence at the hands of the dominant Hawiye clan. On January 10, 1991, approximately twenty Hawiye clansmen belonging to the United Somalia Congress militia entered her home, killing her father and brother and raping her older sister. During the attack, Abdule was beaten on the head and stomach, and she was cut with a bayonet.

Following the attack, Abdule's family fled to Mogadishu and then to the city of Kismayo, where another sister was killed by the United Somalia Congress militia. She and her family then fled to Kenya where they stayed in the Liboye Refugee Camp until it closed in 1994. The family thereafter relocated to the Hagardere Refugee Camp. In July 1998, Abdule left the refugee camp and went to Nairobi, Kenya. She later entered the United States by means of a false passport.

### B. Procedural History

At the removal proceedings, Abdule applied for asylum, withholding of removal, and relief under the Convention for Torture. She proffered several official documents as evidence of her family's refugee status. Because of a spelling error in one document, the IJ directed the INS to investigate their authenticity. The INS subsequently proffered evidence that the documents were fraudulent. Consequently, the IJ denied Abdule's claims, finding that Abdule was incredible. He ruled that Abdule failed to meet her burden of proving eligibility for asylum and withholding of removal, and that she had filed frivolous applications for relief.

On appeal, the BIA affirmed the IJ's denial of Abdule's claims without addressing the merits. Instead it found: "In light of the United Nations definitive finding that [the documents] were not written by it and are unreliable, we conclude that the respondent has failed to satisfy her burden in these proceedings." However, the BIA "accepted as true [Abdule's] statement that she was unaware that the documents presented by her contained false information." Thus, the BIA reversed the IJ's adverse credibility finding and determination of frivolousness. Abdule filed this timely petition for review.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II.

We review de novo claims of due process violations in removal proceedings. *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). Because our standard of review is de novo, we conduct an independent examination of the entire administrative record. *Perez–Lastor v. INS*, 208 F.3d 773, 777 (9th Cir.2000). Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000).

We conclude that the BIA's unexplained failure to address the merits of Abdule's claims denied her due process and undermined the fundamental fairness of the proceedings. We thus remand to the BIA for further proceedings.

### A. Due Process Violation

It is well established that the Fifth Amendment guarantees due process in INS proceedings. *Jacinto v. INS*, 208 F.3d 725, 727 (9th Cir.2000) (citing *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999)). "[A]n alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). A full and fair hearing requires that the alien's claim is "evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet her burden of proof. *Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1392 (9th Cir.1985); *see also Castillo–Villagra v. INS*, 972 F.2d 1017, 972 F.2d 1017, 1023 (9th Cir.1992) (finding error when the BIA failed to consider alien's asylum application on an individualized basis).

In this case, the BIA wholly failed to address the merits of Abdule's claims.

The BIA apparently assumed that Abdule was unable to meet her burden of proof because she had presented false documents as corroborating evidence. However, the BIA explicitly found that Abdule did *not* know the documents were fraudulent, and it refrained from finding her incredible. Under these circumstances, it was error for the BIA not to address the merits of Abdule's claims. *Cf. Chen v. INS*, 266 F.3d 1094, 1101 (9th Cir.2001) (explaining that it was reasonable for the BIA not to address the merits of the applicant's claims when it found him incredible).

We have repeatedly held that "an alien's testimony, if unrefuted and credible, direct and specific, is sufficient to establish the facts testified without the need for any corroboration." *Ladha v. INS*, 215 F.3d 889, 901 (9th Cir.2000) (amended opinion); *see also Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001) (" 'Because asylum cases are inherently difficult to prove, an applicant may establish his case though his own testimony alone.' ") (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997)). Thus, the BIA should have considered whether Abdule's credible testimony alone was sufficient to establish her eligibility for asylum and/or withholding removal. *See, e.g., Chen*, 266 F.3d at 1099–1103 (analyzing merits of asylum claim without reference to an allegedly counterfeit birth certificate).

It was fundamentally unfair for the BIA to dismiss Abdule's potentially meritorious claims on the basis that she submitted false documentation when she was unaware that the documents were fraudulent. *Cf. id.* at 1099–1100 (reversing BIA's adverse credibility finding when the asylum applicant did not know his birth certificate was fraudulent). The BIA's failure to address the individual merits of Abdule's claims in light of her credible testimony deprived her of a full and fair hearing.

B. Prejudice

To merit relief, Abdule must also show prejudice. Prejudice is shown if the error "*potentially* ... affects the outcome of the proceedings." *Perez–Lastor*, 208 F.3d at 780 (quoting *Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir.1994)) (omission and emphasis in original). Here, Abdule was prejudiced by the BIA's failure to address the merits because her testimony alone made out a prima facie case for asylum.[1]

Abdule bears the burden of establishing eligibility for asylum. *Chebchoub*, 257 F.3d at 1042. Abdule must show that she "has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (citing 8 U.S.C. § 1101(a)(42)(A)). A well-founded fear of persecution must be "both objectively reasonable and subjectively genuine.'" *Manimbao v. Ashcroft*, 298 F.3d 852 (9th Cir. 2002) (quoting *Ladha*, 215 F.3d at 897). The subjective component is satisfied if the alien credibly testifies that she genuinely fears persecution. *Id.* at 859. Abdule has met this requirement by testifying credibly that she feared return to Somolia. *See Briones v. INS*, 175 F.3d 727, 730 (9th Cir.1999) (en banc) (holding that we assume the applicant's testimony to be credible if the BIA did not make an explicit adverse credibility finding).

An alien may satisfy the objective component by demonstrating "past persecution, which triggers a rebuttable presumption of a well-founded fear of future persecution." *Manimbao*, at 859 (citing 8 C.F.R. § 208.13(b)(1)). "The INS can rebut this presumption by showing by a preponderance of the evidence that 'there has been a fundamental change in circum-

stances such that the applicant no longer has a well-founded fear of persecution.'" *Id.* (quoting 8 C.F.R. § 208.13(b)(1)(i)(A)).

Abdule testified at the removal hearing that she and her family were attacked and brutalized because of their membership in the Marehan subclan of the Darood clan. She testified that twenty Hawiye clansmen belonging to the United Somalia Congress militia entered her home in January 1991, killed her father and brother, and raped her older sister. She also testified that she was beaten and cut with a bayonet during the attack. Her family fled to Mogadishu and then to the city of Kismayo, where another sister was raped and killed by members of the United Somalia Congress militia. Subsequently, she and her family relocated to Kenya, where they stayed in refugee camps, until Abdule left and entered the United States.

█ Assuming the truthfulness of Abdule's testimony, as we must because the BIA refrained from an adverse credibility finding, *see Briones*, 175 F.3d at 730, we have no problems concluding that Abdule has established past persecution because of the harm and suffering inflicted upon both her and her family members. *See Korablina v. INS*, 158 F.3d 1038, 1043–44 (9th Cir.1998) ("[A]cts of violence against a petitioner's friends or family members may establish a well-founded fear of persecution ... [if] the violence 'create[s] a pattern of persecution closely tied to the petitioner.'") (quoting *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (amended opinion)).

Accordingly, Abdule is "entitled to the legal presumption that she has a well-founded fear of future persecution." *Borja v. INS*, 175 F.3d 732, 737 (9th Cir.1999)

---

1. Given the heightened requirements for withholding of removal claims, we are unable to conclude from this record that Abdule was

prejudiced by the error with respect to her withholding of removal claim. *See Ladha*, 215 F.3d at 897.

(en banc) (citations omitted). This presumption can only be overcome by the INS' showing that it is more likely than not the case that the conditions in Somalia have changed to such an extent that Abdule "no longer has a well-founded fear that she would be persecuted" upon her return. *Id.* at 738.

We do not find the INS' generalized evidence that some refugees have returned to Somalia to be sufficiently compelling to conclude that Abdule would not have been eligible for relief had the BIA addressed the merits of her asylum claim. *See Gui v. INS,* 280 F.3d 1217, 1229 (9th Cir.2002) (requiring an "individualized analysis" of changed country conditions). Because the BIA's failure to address the merits of Abdule's asylum claim potentially affected the outcome of the proceedings, Abdule was prejudiced by its error. *See Perez–Lastor,* 208 F.3d at 780. As a result, Abdule was deprived of due process.

### III.

We hold that Abdule did not receive a full and fair hearing, that she suffered prejudice thereby, and thus was denied her constitutional right to due process. Accordingly, we VACATE the Board's decision, and we REMAND the case to the Board with instructions to consider the merits of Abdule's asylum claim.

Petition GRANTED.

GRABER, Circuit Judge, dissenting.

I respectfully dissent because the majority decides this case on a ground that was neither raised nor briefed. Appellant argues primarily that the agency erred in admitting Exhibit 16, a letter from the United Nations High Commissioner for Refugees, because it was inadmissible hearsay, as to which the author could not be cross-examined, and lacked proper authentication. Second, Appellant argues that the immigration judge improperly refused a continuance to rebut Exhibit 16. Neither of those arguments fairly encompasses or suggests the ground on which the majority relies.

Our usual rule is that we do not "consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985). I would apply our usual rule and deny the petition, because Appellant's arguments are unpersuasive. For that reason, I dissent.